IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GABRIEL D. MONTENEGRO, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) NO. 3:23-cv-01265<br>) |
| v. | )<br>) JUDGE RICHARDSON<br>) |
| VACO LLC, a Tennessee limited liability company, | )<br>)<br>) |
| Defendant. | )<br>) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on "Plaintiff's Unopposed Motion to Seal Confidential Documents" (Doc. No. 41, "Motion to Seal"). Defendant responded in support of the Motion to Seal. (Doc. No. 44, "Response"). Plaintiff did not file a reply. Having reviewed the Motion to Seal and other relevant filings,[1] the Court finds that the requested action is warranted. Therefore, the Motion to Seal will be granted.

## BACKGROUND

In the Motion to Seal, Plaintiff requests, in accordance with Section 5.07 of Administrative Order No. 167-1, Local Rule 5.03 and the agreed protective order (Doc. No. 33, "Agreed Protective

---

[1] The other relevant filings to which the Court herein refers include the Complaint (Doc. No. 1), the agreed protective order (Doc. No. 33), and the exhibits that the Plaintiff, via the Motion to Seal, moves this Court to place, and remain, under seal. (Doc. Nos. 39-10, 39-11, 39-12, and 39-17).

Order')[2] that four specified documents, mistakenly filed by Plaintiff without a motion to seal when Plaintiff submitted his Motion for Court-Authorized Notice (Doc. No. 38) and the corresponding Memorandum in support of that motion (Doc. No. 39).

Because the documents at issue were designated as "confidential" by Defendant, Plaintiff was obligated by the Agreed Protective Order to file the Motion to Seal, whether or not Plaintiff actually believes the documents at issue should remain under seal and whether or not Plaintiff actually affirmatively wants them placed under seal.[3] On the other hand, while they are technically the respondents to the Motion to Seal, Defendants are effectively the cause and beneficiary of instigators of the Motion to Seal and whole-heartedly support it in substance.

Pursuant to the Agreed Protective Order, Defendant filed a timely response to the Motion setting out purported compelling reasons why the documents should remain sealed, or here (where the documents erroneously were not filed under seal at the outset) be placed under seal now. (Doc. No. 44). The four documents (collectively, "Exhibits") constitute, respectively): (i) a collection of proprietary training documents; (ii) a collection of documents pertaining to Defendant's recruiting process; (iii) a handbook with guidance for Defendant's recruiters when visiting clients; and (iv) initial training documents for Defendant's recruiters. (Doc. Nos. 39-10, 39-11, 39-12, and 39-17, respectively). The Exhibits, Defendant contends in their Response, should be sealed "because they have independent economic value that Defendant's competitors could use to [their] competitive advantage." (Response at 8).

---

[2] Via the Agreed Protective Order, the Parties assert that the purpose of the order is to "assure the protection of documents that a party contends constitute proprietary and/or confidential documents shall govern any and all discovery in this action." (Agreed Protective Order at 1).

[3] Plaintiff nowhere expresses any views as to its beliefs and desires in this regard. Instead, it merely notes that the burden is on Defendant to "set[ ] out compelling reasons why the documents should remain sealed." (Motion to Seal at 1).

# ANALYSIS

There is a longstanding and "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). Thus, a party that seeks to seal certain documents must meet a high burden, as only, "the most compelling reasons…justify non-disclosure of [the] judicial records." *Id.* (internal citations omitted). If "the public interest in the litigation's subject matter" is great, then this burden only grows heavier. *Id.* And "even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Id.* In other words, "[t]o meet this burden, the party must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Shane Grp., Inc.* (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). Granting a protective-order motion (including a motion to seal, see Fed. R. Civ. P. 26(c)(1)(F)) is within the trial court's discretion, but that discretion "'is circumscribed by a long-established legal tradition' that values public access to court proceedings." *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) (quoting *Brown & Williamson Tobacco Corp.,* 710 F.2d 1165, 1177). However, courts have emphasized the discretion of the trial court in this area, specifically that "every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc.*, 435 U.S. at 598.

But to say that the district court has "supervisory power" or "discretion" to deny access to documents is not to say that the district court operates without standards. *Id.* To the contrary, the Court must honor the above-referenced three requirements for sealing; if those requirements are

not satisfied, then the Court lacks the discretion to order sealing and instead must decline to order sealing. On the other hand, where those requirements are satisfied, the Court has the discretion to either grant or deny the request for sealing.

Even where a party provides its own analysis in a motion to seal, a district court that chooses to seal court records must set forth specific findings and conclusions that "justify nondisclosure to the public." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1176. This is true even if neither party objects to the motion. *Id.* Therefore, a court must explain the basis for sealing court records irrespective of whether anyone objects to it. And the Court will do so here with respect to the documents that Defendant contends should be placed, and remain, under seal.

The Court concurs with Defendant's characterization of the Exhibits as containing contain proprietary information that contain independent economic value. *See, e.g., Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017) ("[P]rotecting confidential information that would otherwise allow competitors an inside look at a company's business strategies is a compelling reason to restrict public access to filings." Furthermore, the Court finds that the interests of the public in viewing the content of the documents is minimal. The interests of the public in accessing an exhibit to a motion are diminished when the nature of the motion can be understood even without access to be documents for which sealing is sought. *See Wiggins v. Bank of Am., N.A.* No. 2:19-cv-3223, 2020 WL 7056479, at *2 (S.D. Ohio Dec. 2, 2020) ("[T]he public can understand the nature of the discovery dispute at issue in Plaintiff's Motion to Compel without accessing the redacted information.') The content of the Exhibits is not essential to understanding Plaintiffs' Motion for Court-Authorized Notice or the ruling on the matter.

The interests in favor of keeping such content non-public are substantial. The documents contain details pertaining to a company's recruiting and training policies—policies not generally

available to the public. Moreover, Defendant has a legitimate basis to assert that public disclosure of the Exhibits could be used by Defendant's competitors to their competitive advantage. The Motion to Seal is not overly broad, as it relates to only four specific documents.

Accordingly, the Motion to Seal (Doc. No. 41) is GRANTED. Accordingly, the Clerk shall place the following documents under seal: Doc. Nos. 39-10, 39-11, 39-12, and 39-17.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE